IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CASE NO.  1:25-CR-00051-H-BU |
| | § § | |
| ISRAEL URIAS-LOPEZ (1) | § | |

**REPORT AND RECOMMENDATION ON PLEA OF GUILTY
BEFORE UNITED STATES MAGISTRATE JUDGE**

Defendant, ISRAEL URIAS-LOPEZ (1), by consent and under the authority of *United States v. Dees*, 125 F.3d 261 (5th Cir. 1997), appeared with counsel before the undersigned United States magistrate judge for the purpose of entering a plea of guilty under Rule 11 of the Federal Rules of Criminal Procedure.

Defendant was placed under oath and personally examined in open court by the undersigned concerning the subjects in Rule 11(b)(1) and the undersigned determined that Defendant understood each subject.

Defendant pleaded guilty, under a plea bargain agreement with the government, to Count One of the one-count Indictment charging Defendant with a violation of 8 U.S.C. §§ 1326(a), 1326(b)(1)[1] and 6 U.S.C. §§ 202(3),202(4), and 557 Illegal Re-Entry After Deportation.  After examining Defendant under oath, the undersigned magistrate judge finds the following:

---

[1] Although not reflected in the Factual Resume, Defendant Israel Urias-Lopez testified at rearraignment that he was convicted in October 2016 of Illegal Re-entry After Deportation in the District of Arizona. Based on Urias-Lopez's testimony to (1) a prior felony conviction as a predicate for the § 1326(b)(1) sentencing enhancement and (2) his understanding that the charge here carried a ten-year maximum penalty under that enhancement, the undersigned found that his plea was knowing and voluntary.

Following rearraignment, the undersigned discovered that Urias-Lopez's October 2016 conviction also triggered the § 1326(b)(1) enhancement. *See United States v. Israel Urias-Lopez*, No. CR-16-01173-001-TUC-RCC (BGM), Dkt. No. 29. The triggering conviction there was a November 5, 2014 conviction for

1. Defendant, upon advice of counsel, has consented orally and in writing to enter this guilty plea before a magistrate judge subject to final approval and sentencing by the presiding district judge;

2. Defendant fully understands the nature of the charges, including each essential element of the offense(s) charged, and the associated penalties;

3. Defendant fully understands the terms of the plea agreement and plea agreement supplement;

4. Defendant understands all constitutional and statutory rights and wishes to waive those rights, including the right to a trial by jury and the right to appear before a United States district judge;

5. Defendant's plea is made freely and voluntarily;

6. Defendant is competent to enter this plea of guilty;

7. There is a factual basis for Defendant's plea of guilty; and

8. The ends of justice are served by acceptance of Defendant's plea of guilty.

Based on the above, I recommend that Defendant's plea of guilty be accepted, that Defendant be adjudged guilty, and that sentence be imposed accordingly.

Although I have conducted these proceedings and accepted Defendant's plea of guilty, the United States district judge has the power to review my actions and possesses final decision-making authority in this proceeding. Thus, if Defendant has any objections to these findings or any other action of the undersigned, he is required to make those known to the United States district judge within fourteen (14) days of today.

The Clerk will furnish a copy of this Order to each of attorney of record.

---

Engaging in Organized Criminal Activity. *Id*. at Dkt. No. 18 at 9, Dkt. No. 23 at 1. For this reason, the undersigned's finding that Urias-Lopez's guilty plea here was knowing and voluntary is conditioned on his being sentenced under § 1326(b)(1), but not (b)(2).

Signed on:  4th day of September, 2025.

 

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE